```
           IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF ALABAMA
                       NORTHERN DIVISION
```

| | |
|---|---|
| JOSEPH QUINNEY, | * |
| | * |
|     Plaintiff, | * |
| | * |
| vs. | *   CIVIL ACTION NO. 20-00571-B |
| | * |
| KILOLO KIJAKAZI, | * |
| Acting Commissioner of Social | * |
| Security,[1] | * |
| | * |
|     Defendant. | * |

### ORDER

This action is before the Court on Plaintiff's unopposed[2] Application for Attorney Fees Under the Equal Access to Justice Act (EAJA) and Defendant's response thereto.[3]  (Docs. 20, Doc. 22-

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Therefore, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted for Andrew Saul as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. 405(g).

[2] On September 23, 2021, the Commissioner filed a response to Plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act ("EAJA"). The Commissioner avers that she does not oppose Plaintiff's motion and that she agrees to pay Plaintiff $1,075.90 in attorney fees under the EAJA, plus $400 for the filing fee. (Doc. 22-1). However, the Commissioner objects to Plaintiff's request for "costs of court" in the amount of $20.40 on the basis that Plaintiff did not itemize or otherwise identify the nature of said costs. (Id.).  The Court agrees, and for that reason, **DENIES** Plaintiff's request for $20.40 in unspecified court costs.

[3] On July 26, 2021, the parties consented to have the undersigned conduct any and all proceedings in this case. (Doc. 16).

1).  Upon consideration of the pertinent pleadings, the undersigned finds that Plaintiff's motion is due to be **GRANTED** and that Plaintiff is entitled to a reasonable attorney fee award in the amount of **$1,068.04**[4] under the EAJA for legal services rendered by his attorney in this Court, plus the **$400.00** filing fee.

Plaintiff commenced this action under 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner denying his claim for a period of disability and disability insurance benefits. (Doc. 1).  A judgment reversing and remanding the case for further administrative proceedings was entered on July 29, 2021,[5] following the Government's acknowledgement of error and request that the matter be remanded to the Commissioner of Social Security for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).  (Docs. 15, 19).  As a result, Plaintiff is the prevailing party.

Plaintiff timely filed a motion for attorney fees under the EAJA in the amount of $1,075.90, plus a filing fee of $400.00. (Doc. 20).  As previously discussed, Plaintiff also requested an

---

[4] As discussed further herein, the Lucy formula set forth in Plaintiff's application yields an hourly rate of $209.42, which is slightly different than Plaintiff's calculated hourly rate of $210.96.

[5] The judgment was effective, *nunc pro tunc*, to July 29, 2021, the date of the Court's Order reversing and remanding the Commissioner's denial of benefits in this case. (Doc. 19).

2

award of $20.40 in "costs of court," which the Court has denied for Plaintiff's failure to specify the nature or origin of said costs. (Id.). The Commissioner filed a response consenting to the payment of $1,075.90 to Plaintiff as attorney fees under the Act, plus the $400.00 filing fee. (Doc. 22-1).

The undersigned finds, based on Plaintiff's application and the formula set forth in Lucy v. Astrue, 2007 U.S. Dist. LEXIS 97094, *13-14 (S.D. Ala. July 5, 2007), that an hourly rate of $209.42 is appropriate.[6] The undersigned further finds that 5.10 hours is a reasonable number of hours for attorney time expended representing Plaintiff in federal court.[7] Thus, considering 5.10

---

[6] As discussed, the Lucy formula set forth in Plaintiff's application yields an hourly rate of $209.42, which the undersigned finds is reasonable. (Doc. 20). This is slightly different than Plaintiff's calculated hourly rate of $210.96, which appears to be based on the incorrect calculation of the temporal midpoint using the wrong date for the Court's judgment, which was effective, *nunc pro tunc*, to July 29, 2021, the date of the Order reversing and remanding the Commissioner's denial of benefits in this case. (Doc. 19).

[7] Plaintiff has attached to the motion a time sheet detailing the description of work performed, the time expended, and the date on which the work was performed. (Doc. 20-2). The undersigned has reviewed this document and has considered the circumstances presented, as well as the usual number of hours billed by attorneys in similar actions. See, e.g., Clausell v. Astrue, 2012 U.S. Dist. LEXIS 167856, *7, 2012 WL 5933025, *2 (S.D. Ala. Nov. 27, 2012) (awarding attorney fees under the EAJA and finding 19.2 hours of attorney time in a social security case to be reasonable); Carter v. Astrue, 2012 U.S. Dist. LEXIS 132089, *4-5, 2012 WL 4077289, *2 (M.D. Fla. Sept. 17, 2012) (accord) (finding 14 hours of attorney time in a social security case to be reasonable).

hours of work performed at a rate of $209.42 per hour, Plaintiff is entitled to attorney fees of $1,068.04.

Upon consideration of the pertinent pleadings, the undersigned Magistrate Judge finds that Plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act is due to be and hereby is **GRANTED**, and Plaintiff is hereby **AWARDED** a reasonable attorney fee in the amount of **$1,068.04** under the EAJA for legal services rendered by his attorney in this Court, plus the **$400.00** filing fee, for a total award of **$1,468.04**.[8]  The Court **DENIES** Plaintiff's request for $20.40 in unspecified court costs.

**DONE** this **19th** day of **October, 2021.**

                                                **/s/ SONJA F. BIVINS**
                                      **UNITED STATES MAGISTRATE JUDGE**

---

[8] The Supreme Court has held that an EAJA "fees award is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." Astrue v. Ratliff, 560 U.S. 586, 589, (2010). "'In light of Ratliff, [the best] practice [is] to simply award the EAJA fees directly to Plaintiff as the prevailing party and remain silent regarding the direction of payment of those fees.  It is not the duty of the Court to determine whether Plaintiff owes a debt to the government that may be satisfied, in whole or in part, from the EAJA fees award. The Court leaves it to the discretion of the  Commissioner to determine whether to honor [any] assignment of EAJA fees.'" Napier v. Colvin, 2014 U.S. Dist. LEXIS 89291, *15 n.1, 2014 WL 2960976, *1 n.1 (S.D. Ala. July 1, 2014) (citations omitted); Blackwell v. Colvin, 2015 U.S. Dist. LEXIS 23070, *9 n.4, 2015 WL 846423, *3 n.4 (S.D. Ala. Feb. 26, 2015).